**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:90cr85-5**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | **INDICATIVE RULING** |
| **Vs.** ) | **and** |
| ) | **ORDER** |
| **DARYL PERNELL CAMPS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's *pro se* "Motion to Alter or Amend the Judgment or Reconsider Pursuant to Federal Rule of Civil Procedure 59(e)" (#96), which the court deems to be a Motion for Reconsideration. Prior to filing such motion, defendant filed a Notice of Appeal (#93) as to the Order on which he seeks reconsideration, and such appeal is pending before the Court of Appeals for the Fourth Circuit. Camps v. United States, No.12-7530 (4th Cir. Sept. 12, 2012).

In accordance with Rule 12.1, Federal Rules of Appellate Procedure, the court has closely reviewed defendant's Motion to Reconsider and, as an indicative ruling, finds no basis to grant the motion and that the motion does not raise a substantial issue. The Supplement to the Presentence Report ("SPSR") (#73), which this court considered in denying defendant's Motion to Reduce Sentence (#67), reported that the "Original Finding by the Court" as to Drug Quantity was "14.6286 kilograms of crack cocaine." SPSR, at 1. Such determination is fully supported by the original Presentence Report ("PSR") as well as the sentencing court's Statement of Reasons. First, paragraph six of the PSR reported that the quantity of crack cocaine sold per week was six ounces (28.35 grams), which when multiplied by the number of weeks 86, would equal 14.6286 kilograms. Second, in the

-1-

Statement of Reasons supporting imposition of the judgment, the sentencing court specifically adopted the factual findings and guideline application in the PSR.

While defendant cites and provides page five of the original PSR in support of his argument that the drug quantity was less than 8.4 kilograms, see Motion (#96-2), the provision cited by petitioner provides no support to his argument:

> 15. Base Offense Level: The offense level for 21 U.S.C. [§] 841(a)(1) offense is found in Section 2D1.1(2) of the guidelines. This section provides a base offense level of 40 for at least 5 kilograms but less than 15 kilograms of cocaine base.

Id., at ¶ 15. Thus, even the provision of the original PSR on which defendant relies included a drug quantity range that would not exclude a drug quantity well in excess of 8.4 kilograms of crack cocaine. Noticeably absent from defendant's exhibit is paragraph six of that PSR that reported the amounts attributable, as discussed above.

Indeed, the Court of Appeals for the Fourth Circuit has long rejected defendant's attacks on the calculation of drug quantities that lead to the imposition of a life sentence by Judge Potter. The appellate court noted, as follows:

> We also reject Camps' arguments attacking his life sentence on the conspiracy charge, namely that the district court erred in not making adequate findings on the amount of drugs reasonably foreseeable to him and that those findings were clearly erroneous.

United States v. Camps, 32 F.3d 102, 105 , n. 1 (4th Cir. 1994), cert. denied, 513 U.S. 1158 (1995). As the government pointed out in its appellate brief in 1993, at sentencing the court stated:

> First of all, as to the amounts of drugs, I thin[k] there is clear evidence that there is in excess of six kilograms as put out in the pre-sentence report. That comes under 2D1.1(c). A level of forty certainly an appropriate offense level of 40.

Id., Brief of Appellee, 1993 WL 13037120, *43. Thus, there is also nothing in the appellate record

that would exclude a drug quantity well in excess of 8.4 kilograms of crack cocaine.

Thus, findings of amounts "in excess of" five or six kilograms is not the equivalent of a finding that the amount was *limited* to five of six kilograms. Put another way, a finding that the drug amount was between five and 15 kilograms does not mean that the sentencing court's finding was at the low end of that range. Instead, the best evidence of actual drug quantity is determinable looking to the Statement of Reasons and the PSR, which the sentencing court fully incorporated. Thus, the drug quantity attributable to defendant well exceeded 8.4 kilograms and was, at a minimum 14.6286, as properly reported in the SPSR.

\* \* \*

Inasmuch as the docket in this matter spans the eras of paper dockets and electronic case filing and management, the court has caused to be filed the original Presentence Report as well as Judge Potter's Statement of Reasons in order to aid further review.

## ORDER

**IT IS, THEREFORE, ORDERED** that as to defendant's *pro se* "Motion to Alter or Amend the Judgment or Reconsider Pursuant to Federal Rule of Civil Procedure 59(e)" (#96), which the court deems to be a Motion for Reconsideration filed after appeal, the court finds as an **INDICATIVE RULING** no basis to grant the motion and further that the motion does not raise a substantial issue, all for the reasons herein stated.

Signed: September 13, 2012

Max O. Cogburn Jr.
United States District Judge